

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,371-02

### EX PARTE CEDRIC TRAVAUGHN HOPES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1342020-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Hopes v. State*, No. 14-14-00403-CR (Tex. App.—Houston [14th Dist.] Nov. 5, 2015) (not designated for publication).

Applicant contends that trial and appellate counsel were ineffective and that the State presented false testimony. The trial court entered a timely order designating issues, but this application was forwarded to this Court before the trial court made findings and conclusions. We

remand this application so the trial court can complete its evidentiary investigation and make findings and conclusions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to respond to Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the conduct of trial and appellate counsel was deficient and Applicant was prejudiced by their alleged deficient conduct. The trial court shall also make findings and conclusions as to whether the State presented false evidence material to Applicant's guilt or punishment.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:   April 3, 2019

Do not publish